1  Douglas R. Luther (SBN 280550)
   doug@lutherfirm.com
2  Beverly Bradshaw (SBN 266663)
   beverly@lutherfirm.com
3  LUTHER FIRM, PC
4  4685 MacArthur Court, Suite 440
   Newport Beach, California 92660
5  Telephone: (949) 649-4241
6
7  Attorneys for Plaintiff
   ARGUS CAPITAL MANAGEMENT LLC
8
9              UNITED STATES DISTRICT COURT
10     EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION
11

| | |
|---|---|
| 12  ARGUS CAPITAL MANAGEMENT LLC, a California limited liability company; <br> 13 <br> 14 | Case No.: <br><br> Courtroom: <br><br> **COMPLAINT** |
| 14 <br> 15        Plaintiff, <br><br> 16           v. <br><br> 17  THE GROUNDS GUYS SPV, LLC, a Delaware corporation; and DOES 1-100; <br> 18 <br> 19        Defendants. <br> 20 <br> 21 <br> 22 | **(1) Fraudulent Misrepresentation** <br> **(2) Negligent Misrepresentation** <br> **(3) Fraudulent Inducement** <br> **(4) Fraudulent Nondisclosure** <br> **(5) Violation of the Texas Deceptive Trade Practices Act** <br><br> Complaint Filed: <br><br> **DEMAND FOR JURY TRIAL** |

23
24
25
26
27
28

Plaintiff Argus Capital Management LLC ("Plaintiff" or "Argus") hereby alleges and complains as follows:

## INTRODUCTION

1.    Defendant The Grounds Guys SPV, LLC ("The Grounds Guys") sold franchises in California by concealing that prior franchises had failed (the business model did not work) and by providing fraudulent inflated projections on revenue and profits so that Plaintiff could obtain a loan to buy the franchise.

2.    The Grounds Guys offers franchises in full-service lawn care and landscape solutions.  Russ Meier ("Meier") and John Dobelbower ("Dobelbower") are representatives of The Grounds Guys and were the main persons of contact during Plaintiff's dealings with The Grounds Guys.

3.    Plaintiff is a California limited liability company owned and operated by Jason Peterson ("Peterson"), a former officer of the United States Air Force with a Bachelor of Science degree in Civil Engineering and a Master of Science degree in Environmental Engineering.  Peterson worked for General Electric and Kaiser Permanente before purchasing The Grounds Guys franchise.  The Grounds Guys franchise is Peterson's first attempt at starting and running a small business franchise.

4.    In September 2021, Plaintiff began working with The Grounds Guys, specifically Meier, to establish a franchise outlet in Central California. Over the course of several weeks, The Grounds Guys provided Plaintiff with information and statements regarding The Grounds Guys and its business and financials, of which were material in Plaintiff's decision to go forward with signing a Franchise Agreement with The Grounds Guys ("Franchise Agreement").

5.    At no point in time did The Grounds Guys disclose that they had a prior history in California, that the prior California franchisees had been unsuccessful, and that its system was ultimately not a viable business model in California.  The Grounds Guys concealed this information throughout the due

diligence process despite it being clearly material to the decision to invest in the franchise by Plaintiff.

6.     Beyond concealing the past history of failed franchises, The Grounds Guys went even further in their deception.  The Grounds Guys provided a pro forma financial statement to Plaintiff so that he could meet the lending criteria necessary to obtain loans necessary to pay royalty and marketing fees as required by the Franchise Agreement.  The pro forma contained vastly inflated revenue figures, approximately two times higher than the actual revenue that was to be expected.

7.     For these reasons, set forth in more detail below, Plaintiff seeks a return of the money he has invested in the franchise, approximately $150,000 as well as attorneys' fees.

### THE PARTIES

8.     Plaintiff is a California limited liability company with its principal place of business located at 14568 Knox Lane, Prather, California 93651.

9.     The Grounds Guys SPV LLC is a Delaware limited liability company with its principal place of business located at 1010 North University Parks Drive, Waco, Texas 76707.

10.     Plaintiff is unaware of the true names and capacities of Defendants named Does 1 through 100 and therefore sue these Defendants by fictitious names. Each of the Doe Defendants is and was responsible or liable in whole or in part for the acts and omissions alleged in this Complaint.

### JURISDICTION

11.     This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C.§ 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12.     Jurisdiction over The Grounds Guys is proper because The Grounds Guys had sufficient continuous and systematic minimum contacts with California such that they foresaw the possibility of being sued in this state, including but not limited to, conducting significant business activities in this state, selling franchises in this state, collecting royalties in this state and engaging in the conduct which is the subject matter of this dispute.

13.     Pursuant to the Addendum to the Franchise Agreement for Residents of California, The Ground Guys agreed that "the offer or sale of the franchise to Franchisee was made in the State of California."  A true and correct copy of the California Addendum is included as Exhibit A.

14.     California Business and Professions Code Section 20040.5 states that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."  In the California Addendum, The Grounds Guys agreed that to the extent the Franchise Agreement contained any provision that is inconsistent with California Business and Professions Code Sections 20000 through 20043, the California Franchise Relations Act, the law would control.  Thus, by agreeing to the California Addendum, the Parties modified the Franchise Agreement to provide for California as a forum.

15.     Venue is proper in, and The Grounds Guys are subject to the personal jurisdiction of, this Court because The Grounds Guys maintain a franchise in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

**A.     The Grounds Guys Concealed Its Prior History of Failed Franchises in California**

16.     The Grounds Guys 2012 franchise disclosure document ("FDD")

shows that its first California outlet opened in 2011.  A second California franchise opened in 2013, according to the 2014 FDD.  According to the 2015 FDD, a third California franchise followed in 2014.  These franchises were in different locations throughout California, identified as Berkeley, Chula Vista, Rohnert Park and San Marcos.  They were owned by different operators.  They all shut down in 2017.

17.   The 2021 FDD only identified the number of franchises in each state for 2018-2020.  Despite having 183 franchises at the end of 2020, there were no California franchises.  Thus, Plaintiff, who received the 2021 FDD, was not aware of the The Grounds Guy's prior history in California.

18.   The Grounds Guys, including its development and executive team, however, were aware that California was not a viable market for its franchises.  The Grounds Guys concealed this past history so that Plaintiff would purchase The Grounds Guys franchise.

19.   The Grounds Guys waited 3 years for the California terminations to come out of the FDD so that prospects, including Plaintiff, would be unaware that California franchises had existed and failed in the past.  There was nothing in the FDD to alert Plaintiff to the fact that 3 California franchise owners had terminated their franchises in 2017.

20.   Had The Grounds Guys told the truth about the failed California franchises, Plaintiff would have learned that California was not a viable market for The Grounds Guys System.  The fact that prior California franchisees had failed would have stopped Plaintiff from proceeding with his purchase of the franchise and prevented Plaintiff's loss of time and income.

21.   The Grounds Guys business model focuses on reoccurring revenue by providing lawn maintenance, mowing, blowing and trimming services.  While this may work in some other parts of the country, the prior California franchisees had shown that this model or system did not work in California.  In particular, the cost structure of the Grounds Guys franchises made it prohibitive to compete with local

competition in the marketplace.  The Grounds Guys pricing was often a multiple of

2 or 3 times the local competitors.  Rather than disclose to Plaintiff the difficulties

they had faced with the business model, The Grounds Guys concealed this

information before Plaintiff signed his Franchise Agreement.

22.     From The Grounds Guys' perspective, they would get their initial

franchise fee and royalties in the interim either way.  It was irrelevant to them if

additional franchises failed or if there was a large likelihood of such failure after

what had previously occurred.  The Grounds Guys willfully and consciously

disregarded the welfare of Plaintiff by concealing the most material of information:

that the franchise system had tried and failed in California.

**B.      The Grounds Guys Provide Fraudulent Financial Statement**

23.     Plaintiff was provided an FDD, which contained the financial

performance of The Grounds Guys and its franchises.  A true and correct copy of

the pertinent pages of the FDD is included as Exhibit B.

24.     Item 19 of the FDD contains the financial performance representation.

Table 1B in Item 19 identified 38 franchises that had been open for approximately

1 to 3 years.  Table 1B only includes numbers for franchises that had been open for

the full 12 months of the Reporting Period.  The Reporting Period was defined as

the calendar year 2020.  A franchise that had been operating from February through

December 31, 2020, would not have been included in the table.  Thus, the table

represents the performance of franchisees in the second and third year.  Table 1B

states that the median annual gross sales for second and third year franchisees was

$288,165.[1]

25.     Plaintiff needed to obtain a loan to pay for the initial operating

expenses, including royalty and marketing fees.  To help secure a loan, Meier

directed Plaintiff to Edward Duncan, a financial consultant at First Financial

---

[1] Table 1B provides that the average annual gross sales of the second and third year franchisees were $442,851.  The average was likely pulled up by a few high numbers such as the reported high of $1,814,146 (presumably a preexisting business who had bought into the franchise).

("Duncan") and requested Duncan to process a Small Business Association loan application for Plaintiff.  As part of the loan application process, The Grounds Guys directed Duncan to provide Plaintiff with a pro forma financial statement for The Grounds Guys operations.

26.     This pro forma financial statement provided at the direction of The Grounds Guys was used by Plaintiff to ultimately secure a loan to fund the initial operating expenses, including royalty and marketing fees due to The Grounds Guys.  The pro forma was provided to lenders to satisfy the lenders' due diligence.  Without meeting the lenders' criteria, Plaintiff would likely have not qualified for a loan.  Without this loan, he could not operate the franchise.  A true and correct copy of the pro forma financial statement is included as Exhibit C.

27.     The pro forma financial statement included information that was not in the FDD provided to the Plaintiff, including expected profits and inflated revenue numbers.

28.     The pro forma identified first year revenue of $348,350, about $60,185 higher than the median revenue for second- and third-year franchisees in The Grounds Guys system.  On information and belief, the actual median first year performance of franchisees in The Grounds Guys system is substantially lower.

29.     The pro forma identified second year revenue of $618,000.  This represents more than twice the median numbers reported in the FDD, which again were for second- and third-year franchisees.

30.     By including these numbers, the pro forma showed a combined profit and owner salary of $72,636 for the first year and $133,754 for the second year.  And by including the inflated revenue numbers, the pro forma was able to show an ability to service the loan debt.  Had the actual revenue numbers been used, this would have erased the profit and owner salary in both years.  It would have showed an inability to service the debt.

PLAINTIFF'S COMPLAINT

31.     The Grounds Guys was well aware the numbers in that financial statement contained misleading information and inflated numbers.  Duncan acted on The Grounds Guys' behalf and was someone unknown to Plaintiff before Meier directed him to provide the fraudulent financial statement.  The financial statement was provided at Meier's behest knowing that it was being used by Plaintiff to evaluate the franchise and to qualify for loans.  This induced Plaintiff to purchase the franchise.

32.     The Grounds Guys could have included the actual revenue numbers that were disclosed in the FDD and the actual costs set forth in Item 7 of the FDD.  As is industry standard, had it exported the actual data from the FDD into the pro forma, there would have been no issue.  They instead choose to provide inflated and inaccurate numbers.

## C.     Effect of the Representations

33.     The Franchise Agreement was a 90-page agreement that was one-sided and provided on a take-it-or-leave-it basis.  It contains many substantively unconscionable terms buried within.  It was non-negotiable and involved parties of unequal bargaining power.  Plaintiff signed the Franchise Agreement on October 3, 2021, after not being disclosed the prior California franchise history.

34.     The Grounds Guys induced Plaintiff to acquire its franchise by concealing and misrepresenting the prior history of California franchises having shut down and by providing inflated and misleading financials.  But for these acts, Plaintiff would not have acquired the franchise, nor could he have obtained the requisite loan, which put him much more severely in debt.

35.     Similar to the prior California franchises, after much trial and error, Plaintiff found that The Grounds Guys business model does not work in California and that they could not generate a profit.  Indeed, two other current franchisees in California have come to the same conclusion.

36.     The Plaintiff is unable to reach even the median performance numbers that were disclosed in Item 19 of the FDD, and nowhere near the inflated numbers in the pro forma.  And he is unable to establish the reoccurring revenue through The Grounds Guys business model of lawn maintenance, mowing, blowing, trimming to allow him to pay back the loan  But it was no surprise to The Grounds Guys as they knew that this had previously occurred in California.

37.     The Plaintiff has a right to attorney's fees, as provided for in Section 11.E of the Franchise Agreement, which states that the "prevailing party in any action or proceeding arising under, out of, in connection with, or in relation to this Agreement, the parties' relationship or the Business will be entitled to recover its reasonable attorneys' fees and costs ..."

## FIRST CLAIM FOR RELIEF

(Fraudulent Misrepresentation)

38.     Plaintiff repeats, realleges and incorporates by reference all paragraphs of the Complaint as though fully set forth herein.

39.      The Grounds Guys misrepresented the revenue and profits made by franchisees in The Grounds Guys system.  These representations were false.

40.     The Grounds Guys made these representations knowing they were false.  The Grounds Guys knew that the actual revenue and profits amounts were substantially lower than what was represented.  The Grounds Guys knew this because the actual amounts, in large part, were set forth in the FDD.  The Grounds Guys made these representations with a reckless disregard for the truth or falsity intending that Plaintiff rely on them.

41.     The Grounds Guys made the false representations to Plaintiff intending that Plaintiff rely on them when making his decision to sign the Franchise Agreement and pay the initial franchises fees and ongoing royalties.

42.     Plaintiff justifiably relied upon these representations when he used them to obtain a loan to obtain the franchise and then expended substantial sums of

money, time and effort into developing the franchise business.  Plaintiff would not have taken these actions had he known the actual revenue and profit amounts.

43.     As a result of The Grounds Guys' false representations, Plaintiff has suffered and will suffer damages in amounts to be proven at trial.

44.     As The Grounds Guys' conduct was malicious, fraudulent and oppressive and done with a conscious disregard of Plaintiff's rights, Plaintiff is entitled to exemplary or punitive damages in an amount to be decided at trial.

## SECOND CLAIM FOR RELIEF

(Negligent Misrepresentation)

45.     Plaintiff repeats, realleges and incorporates by reference all paragraphs of the Complaint as though fully set forth herein.

46.     As alleged above, The Grounds Guys misrepresented the revenue and profits made by franchisees in The Grounds Guys system.  These representations were false.

47.     The Grounds Guys failed to exercise reasonable care in disseminating the false information.  Had they exercised reasonable care, The Grounds Guys would have known that the actual revenue and profits amounts were substantially lower than what was represented.  The Grounds Guys would have known this because the actual amounts, in large part, were set forth in the FDD.

48.     The Grounds Guys made the false representations to Plaintiff intending that Plaintiff rely on them when making his decision to sign the Franchise Agreement and pay the initial franchises fees and ongoing royalties.

49.     Plaintiff justifiably relied upon these representations when he used them to obtain a loan to obtain the franchise and then expended substantial sums of money, time and effort into developing the franchise business.  Plaintiff would not have taken these actions had he known the actual revenue and profit amounts.

50.     As a result of The Grounds Guys' false representations, Plaintiff has suffered and will suffer damages in amounts to be proven at trial.

51.     As The Grounds Guys' conduct was malicious, fraudulent and oppressive and done with a conscious disregard of Plaintiff's rights, Plaintiff is entitled to exemplary or punitive damages in an amount to be decided at trial.

## THIRD CLAIM FOR RELIEF

(Fraudulent Inducement)

52.     Plaintiff repeats, realleges and incorporates by reference all paragraphs of the Complaint as though fully set forth herein.

53.     The Grounds Guys misrepresented the revenue and profits made by franchisees in The Grounds Guys system.  These representations were false.

54.     The Grounds Guys made these representations knowing they were false.  The Grounds Guys knew that the actual revenue and profits amounts were substantially lower than what was represented.  The Grounds Guys knew this because the actual amounts, in large part, were set forth in the FDD.  The Grounds Guys made these representations with a reckless disregard for the truth or falsity intending that Plaintiff rely on them.

55.     The Grounds Guys made the false representations to Plaintiff intending that Plaintiff rely on them when making his decision to sign the Franchise Agreement and pay the initial franchises fees and ongoing royalties.

56.     Plaintiff justifiably relied upon these representations when he used them to obtain a loan to obtain the franchise and then expended substantial sums of money, time and effort into developing the franchise business.  Plaintiff would not have taken these actions had he known the actual revenue and profit amounts.

57.     As a result of The Grounds Guys' false representations, Plaintiff has suffered and will suffer damages in amounts to be proven at trial.

58.     As The Grounds Guys' conduct was malicious, fraudulent and oppressive and done with a conscious disregard of Plaintiff's rights, Plaintiff is entitled to exemplary or punitive damages in an amount to be decided at trial.

PLAINTIFF'S COMPLAINT

## FOURTH CLAIM FOR RELIEF

(Fraudulent Nondisclosure)

59.     Plaintiff repeats, realleges and incorporates by reference all paragraphs of the Complaint as though fully set forth herein.

60.     The Grounds Guys fraudulently failed to disclose material facts to Plaintiff regarding the viability of its business model in California.  Specifically, The Grounds Guys deliberately failed to disclose to Plaintiff that every California franchise had failed.

61.     The Grounds Guys had a duty to disclose this information regarding previous California franchises to Plaintiff because they made a partial disclosure that created a false impression, were the only party to the transaction aware of the information and because their voluntary disclosure of closures of California franchises from 2018 through 2020, identifying them as 0, created a duty to disclose the whole truth, that there had been prior California franchises that had closed.

62.     This nondisclosure was material in Plaintiff's decision to enter into the Franchise Agreement and expend substantial sums of money, time and effort into developing the franchise business.  Plaintiff would not have taken these actions had he known the truth that there were previous California franchises that failed.

63.     The Grounds Guys had many opportunities to disclose the facts regarding previous California franchises, but was intentionally and deliberately silent on the matter.

64.     The Grounds Guys intentionally failed to disclose this material fact in an effort to, and with the intent to induce Plaintiff into signing the Franchise Agreement and provide the initial franchises fees.

65.     Plaintiff justifiably relied upon this nondisclosure when he entered into the Franchise Agreement.  Plaintiff's reliance resulted in an expenditure of substantial sums of money, time and effort into developing the franchise business.

66.     As a result of The Grounds Guys' nondisclosure, Plaintiff has suffered and will suffer damages in amounts to be proven at trial.

67.     As The Grounds Guys conduct was malicious, fraudulent and oppressive and done with a conscious disregard of Plaintiff's rights, Plaintiff is entitled to exemplary or punitive damages in an amount to be decided at trial.

### FIFTH CLAIM FOR RELIEF

(Violation of Texas Deceptive Trade Practices Act)

68.     Plaintiff repeats, realleges and incorporates by reference all paragraphs of the Complaint as though fully set forth herein.

69.     Plaintiff, as a franchisee, is a consumer as defined under the Texas' Deceptive Trade Practices Act ("DTPA").

70.     Under § 17.50 of the DTPA, a consumer has a private cause of action for "the use or employment by any person of a false, misleading, or deceptive act or practice that is ... specifically enumerated in Subsection (b) of Section 17.46 ... and relied on by a consumer to the consumer's detriment."   Section 17.46(b)(5) of the DTPA declares unlawful "representing that goods or services have ... benefits ... which they do not have." Tex. Bus. & Com. Code§ 17.46(b)(5).

71.     Plaintiff was provided a proforma spreadsheet that contained inflated financial figures inconsistent with the actual performance of franchisees in The Grounds Guys system.  In so doing, The Grounds Guys represented that the franchise had certain benefit which it in fact did not have.

72.     Section l7.46(b)(24) of the DTPA further declares unlawful "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code § l7.46(b)(24).

73.     The failure to disclose the prior closures of California franchisees is a false, misleading, or deceptive act or practice under the DTPA.  The Grounds Guys

1    made the omission in an effort to and with the intent to induce Plaintiff to purchase

2    the franchise and sign the Franchise Agreement. Had Plaintiff known about the

3    closures at the time of the of the transaction, he would not have signed the

4    Franchise Agreement and bought a franchise.

5         74.    Section 17.50(a)(3) of the DTPA provides a private right of action for

6    "any unconscionable action or course of action by any person."

7         75.    The Grounds Guys' actions of providing an inflated pro forma and

8    failing to disclose prior closures of California franchisees in an attempt to induce

9    Plaintiff into acquiring the franchise constitutes unconscionable conduct.

10        76.    The Grounds Guys made the false representations in an effort to, and

11   with the intent to induce Plaintiff to obtain the loan to purchase the franchise and

12   sign the Franchise Agreement.

13        77.    Plaintiff justifiably relied upon these representations when he entered

14   into the Franchise Agreement and expended substantial sums of money, time and

15   effort into developing the franchise business. Plaintiff would not have taken these

16   actions had he known the truth.

17        78.    For these reasons, Plaintiff will be able to establish that the The

18   Grounds Guys' actions were deceptive trade practices as a matter of law. These

19   violations would entitle Plaintiff to treble damages and attorneys' fees.

## PRAYER FOR RELIEF

21   WHEREFORE, Plaintiff prays for judgment in its favor:

22        1.    On the First Claim for Fraudulent Misrepresentation: for

23   compensatory and punitive damages in amounts to be proven at trial;

24        2.    On the Second Claim for Negligent Misrepresentation: compensatory

25   and punitive damages in amounts to be proven at trial;

26        3.    On the Third Claim for Fraudulent Inducement: for compensatory and

27   punitive damages in amounts to be proven at trial;

28

4.     On the Fourth Claim for Fraudulent Nondisclosure: for compensatory damages and punitive damages in amounts to be proven at trial;

5.     On the Fifth Claim for Violation of the Deceptive Trade Practices Act: for compensatory and treble damages and punitive in amounts to be proven at trial;

6.     For prejudgment interest at the highest rate permitted by law;

7.     For such other and further relief as the Court may deem just and proper.

DATED: January 9, 2023                    **ARGUS CAPITAL MANAGMENT**


By:  _/s/ Douglas R. Luther_
         Douglas R. Luther
         Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on any and all claims so triable.


DATED: January 9, 2023                    **ARGUS CAPITAL MANAGMENT**


                                    By:   */s/ Douglas R. Luther*
                                          Douglas R. Luther
                                          Attorney for Plaintiff